IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

In re: § Case No. 15-43871-705
§
**Arlester Hopson,** § Chapter 7
§
Debtor. §

**ORDER: (i) IMPOSING SANCTIONS UPON DEAN MERIWETHER FOR HIS FAILURE TO COMPLY WITH THE AUGUST 27 ORDER, AND (II) DIRECTING THAT MERIWETHER TAKE ACTIONS AS SET FORTH HEREIN OR FACE POSSIBLE FURTHER SANCTIONS**

Attorney Dean Meriwether is the attorney of record for the Debtor in the above-referenced Case. On May 21, 2015, Meriwether filed a Disclosure of Attorney Compensation statement (the "Rule 2016(b) Statement") [Docket No. 1] that contained terms that violated Local Bankruptcy Rule 2093(c) (the Local Bankruptcy Rule that prohibits "unbundling" of services for debtor representation in main bankruptcy cases). The Rule 2016(b) Statement came to the Court's attention when the Court reviewed the entire record of this Case, following a July 22 hearing at which numerous troubling allegations were made by the Debtor regarding Meriwether's "representation" of him.

After affording Meriwether an opportunity to respond to the issue of whether he should be sanctioned, on August 27, 2015 the Court entered an Order (the "August 27 Order") [Docket No. 32], directing that:

> in each and every open bankruptcy case filed after December 1, 2014, regardless of chapter, (a) over which the undersigned Judge presides, (b) Meriwether represents the debtor, and (c) in which the filed Rule 2016(b) Statement violates L.B.R. 2093(c)(3), Meriwether file an amended Rule 2016(b) statement, containing terms that do not violate L.B.R. 2093(c)(3). Such amended Rule 2016(b) statements must be filed within seven days of the entry of this Order.

Further, the Court ordered that, "no later than eight days from entry of this Order, Meriwether file in this Case a Certificate of Compliance, listing the case number and debtor's name for each case in which he filed an amended Rule 2016(b)." The Court also gave notice that: "if Meriwether fails to timely file such amended

1

Rule 2016(b) statements or the Certificate of Compliance, the Court may order disgorgement of his fees in any case in which such an amended statement is required and was not filed, and may impose additional monetary or non-monetary sanctions . . ."

On September 4, 2015 (the eighth day after the entry of the August 27 Order), Meriwether filed a "Certificate of Compliance" [Docket No. 39]. This one-sentence document was screwed-up in almost every conceivable way:

- Meriwether failed to sign the Certificate of Service attached to the Certificate of Compliance. Pursuant to the Local Bankruptcy Rules, a Certificate of Service must be signed. This resulted in the Office of the Clerk of Court having to issue an automated notice of errors, directing Meriwether to correct the omission.

- In the unsigned Certificate of Service, Meriwether represented that he served the Certificate of Compliance on September 3, 2015. However, the Certificate of Compliance was not even filed until September 4, 2015.

- And, almost unbelievably, ***Meriwether represents in the Certificate of Compliance that the Court-ordered list of case numbers and names is attached to the Certificate of Compliance. However, no such list is actually attached.*** As such, on its face, the Certificate of Compliance is deficient and fails to satisfy the Court's directive.

The Court **FINDS** that Meriwether failed to comply with the requirement that he file a Certificate of Compliance that lists of the case number and the debtor's name for each case in which he filed an amended Rule 2016(b). Accordingly, consistent with the notice given in the August 27 Order, the Court **ORDERS** that monetary sanctions in the amount of $400.00 be imposed upon Meriwether for his failure.[1] In addition, the Court **ORDERS** that by the close of the Clerk's Office today—Tuesday, September 8, 2015—Meriwether file an

---

[1] The sanction of $400.00 represents $100.00 a day for each day (Friday, September 4, 2015 through Monday, September 7, 2015) that the list has been required but has not been filed. Because Monday, September 7, 2015 was the federal holiday of Labor Day, the soonest that the Court could have entered this Order was Tuesday, September 8, 2015.

2

amended Certificate of Compliance, _**with the required list attached**_, and pay the $400.00 in sanctions. Further, the Court **ORDERS** that for each day after September 8, 2015, through Friday, September 11, 2015, that Meriwether fails to file an amended Certificate of Compliance or fails to pay the sanctions, Meriwether will accrue another $100.00 a day in sanctions. And, the Court gives **NOTICE** that, if Meriwether does not file the amended Certificate of Compliance and pay all accrued sanctions by 12:00 P.M. (Central), September 11, 2015, Meriwether may be suspended from the privilege of practicing before this Court, until such time the amended Certificate of Compliance is filed and all outstanding sanctions are paid.

      The Court cannot fathom what is going on with Meriwether, to have resulted in such incompetency. The Court strongly encourages Meriwether to up-his-game when practicing in this forum. In the August 27 Order, Meriwether had his electronic filing privileges revoked for a year and a referral was made by the Court to the Missouri Supreme Court's Office of Chief Disciplinary Counsel (the "OCDC"). Now, he has been monetarily sanctioned and given notice that he may incur more sanctions or be suspended. _**It is time for Meriwether to start paying attention, obeying Court orders, practicing competently, and being in compliance with the Local Bankruptcy Rules.**_ A copy of this Order shall be forwarded to the OCDC, in supplement to the referral made pursuant to the August 27 Order.

DATED: September 8, 2015            CHARLES E. RENDLEN, III
St. Louis, Missouri 63102            U.S. Bankruptcy Judge
mtc

Copy Mailed To

**Dean D. Meriwether**
Law Offices of Dean Meriwether
3919 Washington Avenue
St. Louis, MO 63108

**Mary E. Lopinot**
P.O. Box 16025
St. Louis, MO 63105

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102